UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　Respondent. | No. 2:17-cv-2627 TLN AC P<br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. ECF No. 7. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

I.　　Procedural History

Petitioner's initial petition for writ of habeas corpus was received by the Clerk of the Court on December 15, 2017.[1] ECF No. 1. However, the petition was not signed as required by

---

[1] Although petitioner is afforded the benefit of the prison mailbox rule for documents submitted while he is in custody and proceeding pro se, Houston v. Lack, 487 U.S. 266, 276 (1988), his original petition was not dated, so there is no indication as to when he submitted it to prison officials for mailing.

1

the Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then filed an amended petition, which asserted two different grounds for relief. ECF No. 3. The amended petition was signed. <u>Id.</u> at 151. Petitioner then filed a motion for stay so that he could exhaust the claim set forth in the original petition. ECF No. 9. More recently, petitioner submitted a notice in which he states that he filed a writ of habeas corpus in the California Supreme Court, which has been denied, thereby thoroughly exhausting all state court remedies for the claim in his original petition. ECF No. 11.

II. <u>Amending the Petition</u>

Petitioner has submitted an original and amended petition, each of which asserts different grounds for relief. However, an amended pleading must be "complete in itself" without reference to any prior pleading. L.R. 220. This is because, as a general rule, "amendment of a complaint or petition constitutes waiver of any omitted arguments or claims from previous versions of the complaint or petition." <u>Sechrest v. Ignacio</u>, 549 F.3d 789, 804 (9th Cir. 2008) (citations omitted). Because it appears that petitioner may intend to pursue the claims in his original petition in addition to the claims in his amended petition, he will be given an opportunity to amend the petition.

Petitioner is informed that if he chooses to amend the petition, the court will not refer to any prior petition in order to make his amended petition complete. He is further advised that if he chooses to file an amended petition, it must include all of the exhausted grounds for relief that he seeks to pursue. If petitioner also chooses to include grounds for relief that have not been exhausted, those claims will likely be dismissed for failure to exhaust unless he also files a motion for a stay while he returns to state court.

III. <u>Motion to Stay</u>

Because it appears that petitioner has exhausted the claim for which he initially sought a stay, the request for stay (ECF No. 9) will be denied as moot. If petitioner is still seeking to stay his case while he returns to state court, he must file a separate motion for stay and the motion must specify whether he is seeking a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005), or <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2003).

A <u>Rhines</u> stay is available for (1) a petition containing only unexhausted claims, or (2) a petition that is "mixed" (contains both exhausted and unexhausted claims). <u>Mena v. Long</u>, 813 F.3d 907, 910 (9th Cir. 2016) (citing <u>Rhines</u>, 544 U.S. at 275-77). A <u>Rhines</u> stay preserves the federal filing date for unexhausted claims contained in the federal petition. <u>Id.</u> In order to obtain a stay under <u>Rhines</u>, the petitioner must show that (1) good cause exists for her failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation. <u>Rhines</u>, 544 U.S. at 278.

Alternatively, a petitioner may seek to stay an exhausted-claims-only petition under <u>Kelly</u>. <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of <u>Kelly</u>). Under the <u>Kelly</u> procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1070-71). The procedure under <u>Kelly</u> is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. <u>Id.</u> The <u>Kelly</u> stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the <u>Kelly</u> procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the <u>Kelly</u> procedure, unlike the <u>Rhines</u> procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." <u>Id.</u> at 1141.

Petitioner is advised that he does not require and should not wait for an order from this court to exhaust his claims in state court, and he may pursue them in state court without delay.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the service of this order, petitioner may file an amended petition. If petitioner fails to file an amended complaint, the case will proceed on the first amended complaint.

2. Petitioner's request for stay (ECF No. 9) is denied as moot.

3. Within thirty days of the date of service of this order, if petitioner still seeks a stay, he may file a motion for stay and abeyance.

4. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: October 19, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE