UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| HENRY DON WILLIAMS, | No. 2:17-cv-2627 TLN AC P |
|---|---|
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court are petitioner's motions for stay and abeyance and for appointment of counsel. ECF Nos. 18, 19.

I.     Procedural History

After filing the initial petition (ECF No. 1), petitioner filed an amended petition that asserted two different grounds for relief (ECF No. 3). He then submitted a motion for stay so that he could exhaust the claim set forth in the original petition (ECF No. 9), and subsequently filed a notice stating that the claim had been exhausted (ECF No. 11). Petitioner was advised that if he wanted to pursue the claims in both the original and amended petitions, then he would need to file an amended petition that included all of the claims and that if he did not, the case would proceed on the amended petition without considering the claim in the original petition. ECF No. 12 at 2. Because it appeared that the claim petitioner originally sought a stay to exhaust had been

1

exhausted, the motion for stay was denied as moot and petitioner was further advised that if there were additional claims he was seeking to exhaust in state court, he would need to file another motion for stay. Id. at 2-3. He was then given an opportunity to file an amended petition and/or a motion for stay (id. at 3-4), and proceeded to request two extensions of time (ECF Nos. 12, 15), which were granted (ECF Nos. 14, 16).

In requesting his second extension of time, petitioner stated that the extension was sought, in part, to allow him "to continue to review existing grounds, exhaust them for relief that petitioner is pursuing." ECF No. 15 at 2. Petitioner was advised that the court would not extend his deadline for filing an amended petition to allow him to exhaust additional claims and construed the motion as a request for additional time to file a motion for stay. ECF No. 16 at 2. The motion was granted and petitioner was reminded of the criteria for requesting a stay under both Rhines v. Weber, 544 U.S. 269 (2005), and Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Id. at 2-3. He was also reminded that if he failed to file an amended petition, the case would proceed on the first amended petition. Id. at 3.

II.     Motion to Stay

Petitioner has now filed a motion to stay, requesting that the case be stayed to allow him to "exhaust" an exhibit. ECF No. 18 at 2. Specifically, petitioner seeks to present the state courts with a declaration from Jerilyn Lewis in support of his previously-exhausted claim for witness intimidation. Id. The Lewis declaration has not been submitted in support of petitioner's motion, but from petitioner's description it appears that the declaration is intended to corroborate allegations that have been previously exhausted in state court. See ECF No. 3 at 61-62, 143.

In general, the exhaustion requirement applies to claims, and not to individual items of evidence. Correll v. Stewart, 137 F.3d 1404, 1414 n.2 (9th Cir.) (rejecting theory that claim exhaustion requires complete presentation of evidence in state court, and stating that " 'claim exhaustion' does not equate to 'evidence exhaustion' "), cert. denied, 525 U.S. 996 (1998); see also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (exhaustion does not require that petitioner present every piece of evidence to state court) (quoting Chacon v. Wood, 36 F.3d 1459, 1469 (9th Cir. 1994)). The presentation of supplemental evidence does not change the exhaustion

status of a claim previously presented to state court unless that evidence "fundamentally alters" the claim. Vasquez v. Hillery, 474 U.S. 254, 260 (1986). This may be the case where, for example, new evidence places the case "in a significantly different and stronger evidentiary posture that it was when the state courts considered it." Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988) (quoting Dispensa v. Lynaugh, 826 F.2d 375, 377 (5th Cir. 1987)).

Petitioner has not established grounds for a stay. Not only has he failed to establish his entitlement to a stay under Rhines or Kelly, he has not demonstrated that further exhaustion is necessary. It will therefore be recommended that the motion to stay be denied. Petitioner is reminded that he does not require and should not wait for an order from this court to file things in state court that he believes he must present to the state court.

### III. Motion to Appoint Counsel

Petitioner has requested the appointment of counsel. ECF No. 19. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time and the request will be denied.

### IV. First Amended Petition

Since petitioner did not file an amended petition by the deadline previously set, the case will proceed on the first amended petition. The first amended petition challenges petitioner's 2010 conviction for murder with a firearm enhancement on two grounds. ECF No. 3. In Ground One, petitioner asserts that he was denied an impartial jury. Id. at 6-7. Ground Two claims that his due process rights were violated by the prosecutor's prejudicial misconduct. Id. at 60-62, 108-17. Since petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, respondent will be directed to file a response to petitioner's first amended habeas petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 7) is granted;

2. Petitioner's motion to appoint counsel (ECF No. 19) is denied;

3. Respondent is directed to file a response to petitioner's first amended habeas petition (ECF No. 3) within sixty days from the date of this order. See Rule 4, 28 U.S.C. foll. § 2254. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. See Rule 5, 28 U.S.C. foll. § 2254;

4. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within thirty days after service of the answer;

5. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within thirty days after service of the motion, and respondent's reply, if any, shall be filed and served within fourteen days thereafter; and

6. The Clerk of the Court shall serve a copy of this order, the form Consent to Proceed Before a United States Magistrate Judge, and a copy of the first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 3) on Tami Krenzin, Supervising Deputy Attorney General.

IT IS FURTHER RECOMMENDED that petitioner's motion for stay (ECF No. 18) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 10, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE