UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS, | No. 2:17-cv-2627 TLN AC P |
| Petitioner, | |
| v. | ORDER |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a motion for a stay and a motion for appointment of counsel. ECF Nos. 37, 38.

In his motion to stay, petitioner asserts that his family has hired an investigator to interview witnesses related to his claims of jury tampering and prosecutorial misconduct. ECF No. 37. He asks that the court stay these proceedings or grant such alternative relief as it deems necessary, or alternatively that it "grant extraordinary tolling or equitable tolling duration [sic] COVID-19 Pandemic." Id. at 7, 9.

Petitioner's reason for seeking a stay is unclear from his motion, as is what deadline he alternatively seeks to toll. The petition is fully briefed, ECF Nos. 29, 35, it appears that the claims have already been exhausted in state court, ECF No. 3 at 58, 143, see also ECF No. 29-17, and petitioner does not appear to seek leave to return to state court to exhaust additional claims,

1

1  ECF No. 37.  To the extent petitioner may be seeking to present new evidence in this court,
2  "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated
3  the claim on the merits."[1]  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  If petitioner is
4  intending to request an evidentiary hearing and/or expansion of the record, the propriety of such
5  further factual development must await the required review under § 2254(d).  See Pinholster, 563
6  U.S. at 183 (the process of determining whether an evidentiary hearing should be granted
7  necessarily includes an analysis of both §§ 2254(d) and 2254(e)(2)); Schiro v. Landrigan, 550
8  U.S. 465, 474 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must
9  consider whether such a hearing could enable an applicant to prove the petition's factual
10 allegations, which, if true, would entitle the applicant to federal habeas relief.").

11      Because it is unclear what relief petitioner is seeking and on what grounds he is seeking
12 the relief, the motion will be denied without prejudice to a motion that clearly identifies what
13 relief petitioner seeks and on what grounds.  If petitioner is seeking a stay to exhaust additional
14 claims in state court, he may file a motion that clearly states his intention to return to state court
15 to exhaust additional claims.  He must also identify those claims.  If he is seeking a stay in order
16 to obtain evidence to expand the record in this case, any such request is premature because the
17 court has yet to determine whether an evidentiary hearing is necessary.  Petitioner is further
18 advised that, for the reasons set forth above, the court will not make a determination as to whether
19 to conduct an evidentiary hearing until it conducts a § 2254(d) analysis.  This will occur in due
20 course, without any need for a motion from petitioner.

21      If petitioner wishes to return to state court to exhaust additional claims, he may seek to
22 stay his fully exhausted federal petition under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[2]

---

[1] The trial court held an evidentiary hearing related to petitioner's state habeas petition.  ECF No. 29-10 at 32-130 (evidentiary hearing transcript).

[2] Because it appears the petition is exhausted, a stay under Rhines v. Weber, 544 U.S. 269 (2005), does not appear to be appropriate.  If petitioner believes otherwise, he may file a motion for stay under Rhines that identifies which claims in the petition are unexhausted.  Petitioner must also show that (1) good cause exists for his failure to have first exhausted the claims in state court, (2) the claim or claims at issue potentially have merit, and (3) petitioner has not intentionally delayed pursuing the litigation.  Rhines, 544 U.S. at 278.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009) (citing three-step procedure of Kelly). Under the Kelly procedure, the court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. Id. (citing Kelly, 315 F.3d at 1070-71). The procedure under Kelly is as follows: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his [federal] petition" to reincorporate the newly exhausted claims. Id. The Kelly stay-and-abeyance procedure does not require petitioner to demonstrate good cause or that the claims have merit. However, using the Kelly procedure means that any newly-exhausted claims later added to the federal petition by amendment must "relate back" to the claims in the stayed petition or otherwise satisfy applicable timeliness requirements. In other words, "the Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." Id. at 1141. Petitioner is cautioned that the court may deny a request for stay under Kelly if it is clear that newly-exhausted claims would be time-barred. See id. at 1141-42.

Petitioner has also requested the appointment of counsel. ECF No. 38. There currently exists no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A(a)(2) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." The petition is fully briefed, and petitioner does not have any current obligations in this case. The court therefore does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for stay, ECF No. 37, is DENIED without prejudice to a motion that identifies what relief petitioner is seeking and on what grounds, as set forth above.

////

////

///

2. Petitioner's motion for appointment of counsel, ECF No. 38, is DENIED without prejudice to renewal at a later stage of the proceedings.

DATED: September 30, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE