UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS, | No. 2:17-cv-2627 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 3. Currently before the court is petitioner's motion to amend the petition. ECF No. 43.

I. Factual and Procedural Background

In 2010, petitioner was convicted of first-degree murder and the jury found true the allegation that he personally and intentionally discharged a firearm. ECF No. 29-4 at 82. He was sentenced to fifty years to life in prison. Id.

A. Direct Review

Petitioner appealed his conviction to the California Court of Appeal, First Appellate District, which affirmed the judgment on September 27, 2013. ECF No. 29-12 at 99-120 (Lodged Doc. 7). Petitioner then petitioned for review in the California Supreme Court, and review was

denied on December 18, 2013.  ECF No. 29-15 (Lodged Doc. 11).  Petitioner did not petition the United States Supreme Court for certiorari.  ECF No. 3 at 3.

      B.     <u>State Collateral Review</u>

On December 3, 2012, petitioner, proceeding through counsel, filed a petition for writ of habeas corpus in the California Court of Appeal, First Appellate District.  ECF No. 29-13 (Lodged Doc. 8).  On October 16, 2013, the court of appeal issued an order to show cause returnable before the Solano County Superior Court on the issue of juror misconduct.  ECF No. 3 at 56-57.  The trial court held an evidentiary hearing and denied the petition on January 16, 2015.  ECF No. 29-10 at 129 (Lodged Doc. 3).  On June 14, 2016, petitioner, through counsel, filed a petition for habeas corpus raising the same issues, plus one additional issue, in the California Supreme Court, which was denied on October 12, 2016.  ECF No. 29-17 (Lodged Doc. 13).

On February 8, 2016, petitioner, proceeding through counsel, filed another petition for writ of habeas corpus in the California Court of Appeal, First Appellate District.  ECF No. 29-16 (Lodged Doc. 12).  The petition was denied on April 12, 2016.  ECF No. 3 at 59.

On April 17, 2018, petitioner filed a pro se petition for writ of habeas corpus in the California State Court.  ECF No. 29-18 (Lodged Doc. 14).  The petition was denied on August 8, 2018.  <u>Id.</u> at 2; ECF No. 11 at 1.[1]

      C.     <u>Federal Petition</u>

The initial petition in this case was received by the court on December 15, 2017.[2]  ECF No. 1.  On January 17, 2018, petitioner proceeded to file an amended petition that asserted two different grounds for relief.  ECF No. 3.  Petitioner was advised that if he wanted to pursue the

---

[1] Neither party has provided a copy of the order.  Instead, petitioner has merely reported the date of the decision, while respondent has provided a copy of the docket report.  A docket report is not an order and does not conclusively establish the contents of the orders it references.  However, since the specific reasons for the denial are ultimately immaterial to the disposition of this case since the petition addressed claims not before this court, respondent will not be required to provide a copy of the California Supreme Court's order.

[2] Although petitioner was proceeding pro se and would normally be afforded the benefit of the prison mailbox rule, see <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (establishing rule that a prisoner's court document is deemed filed on the date the prisoner delivered the document to prison officials for mailing), the original petition was not signed, date, or accompanied by a certificate of service.

claims in both the original and amended petitions, then he would need to file an amended petition that included all of the claims and that if he did not, the case would proceed on the amended petition without considering the claim in the original petition. ECF No. 12 at 2. Because petitioner did not file a second amended petition, this case proceeded on the first amended petition (ECF No. 22 at 3-4), which is now fully briefed. See ECF No. 29 (answer); ECF No. 35 (traverse).

## II.    Motion to File an Amended Petition

On November 15, 2021, petitioner filed a separate pro se petition in this court challenging the same conviction. ECF No. 43. That petition was initially docketed as a new action: Williams v. Johnson (Williams II), No. 2:21-cv-2148 KJM EFB. The judge in Williams II construed the petition as a motion to amend the petition in this action and ordered the petition filed in this case. Williams II, ECF No. 6.

The proposed amended petition includes the two grounds for relief asserted in the first amended petition (ECF No. 43 at 58-72), plus nine additional grounds for relief (id. at 73-154).

## III.    Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005) (citation omitted).

### A.    Applicable Trigger Date

Under the AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute provides four alternate trigger dates for commencement of the limitations period. Id. In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

////

In this case, petitioner appealed the appellate court's order to the California Supreme Court, and he did not submit a petition for writ of certiorari to the Supreme Court of the United States. ECF No. 3 at 2-3; ECF No. 29-15. His conviction therefore became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003) (citations omitted); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The California Supreme Court denied direct review of petitioner's conviction on December 18, 2013. ECF No. 29-15 at 2. The conviction therefore became final on March 18, 2014, and the AEDPA's one-year clock began on March 19, 2014. Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final (citing Fed. R. Civ. P. 6(a))). Accordingly, petitioner had until March 18, 2015, to file a federal habeas corpus petition. Because the proposed amended petition was not filed until November 15, 2021, the new claims are untimely unless petitioner is entitled to statutory or equitable tolling, or the claims relate back to the claims in the first amended petition.

### B. Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Here, petitioner filed his first state habeas petition on December 3, 2012—before the completion of his direct appeal—and his last state habeas petition was denied on August 8, 2018. Assuming for purposes of this analysis that petitioner was entitled to tolling of the statute of limitations from the time his direct appeal was complete through the conclusion of his final habeas petition, the statute of limitations would have expired on August 8, 2019, one year after his final petition was denied. The proposed amended petition therefore remains untimely with statutory tolling alone.

### C. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of the AEDPA's one-year statute of limitations "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida,

4

560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner does not allege any facts showing that an extraordinary circumstance stood in his way to prevent timely filing of his habeas petition, nor has he shown that he has diligently pursued his rights. Moreover, such a showing would be difficult if not impossible since the new claims petitioner seeks to add were previously pursued in his direct appeal, which was exhausted in 2014, and his first California Supreme Court habeas petition, which was denied in 2016. See ECF No. 29-12 at 19-94; ECF No. 29-17 at 73-78. Accordingly, the claims in the proposed amended petition are untimely unless they relate back to the claims in the first amended petition.

### D. Relation Back

Amendment to add new claims outside the limitations period is nonetheless permissible "if the new claim shares a 'common core of operative facts' with the claims in the pending petition." King v. Ryan, 564 F.3d 1133, 1141 (9th Cir. 2009) (quoting Mayle v. Felix, 545 U.S. 644, 659 (2005)). A new claim will not be found to "'relate back' to the filing of an exhausted petition simply because it arises from 'the same trial, conviction, or sentence.'" Id. (quoting Mayle, 545 U.S. at 662-64). Further, a claim "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Mayle, 545 U.S. at 650, 657 (holding that a claim relating to petitioner's pretrial statements and a claim arising from videotaped witness statements presented at trial do not arise from a common core of operative facts). Here, because the nine additional proposed claims do not relate back to either of the two claims in his first amended petition, they are untimely.

The first amended petition raises two grounds for relief: (1) that petitioner was denied an impartial jury because juror number seven attempted to persuade petitioner's wife to have sex with him in exchange for a not guilty verdict and (2) the prosecutor committed prejudicial misconduct by preventing the hearing on juror misconduct from being made part of the record and by intimidating petitioner's wife into not testifying about the juror misconduct. ECF No. 3 at 7, 61-62. The proposed amended petition includes the claims from the amended petition as Grounds One and Two (ECF No. 43 at 58-72) and seeks to raise nine additional grounds for relief

(id. at 73-154).  The proposed amended petition seeks to add claims that (1) petitioner was denied an impartial jury because police officers made statements about petitioner outside of the courtroom in the presence of the jurors (id. at 73-78); (2) the trial court violated petitioner's right to an impartial trial when it denied his motion for a change of venue (id. at 79-94); (3) the prosecutor violated petitioner's Sixth Amendment rights when he improperly used peremptory challenges to exclude jurors based on race (id. at 95-96); (4) petitioner's due process and confrontation rights were violated when the court admitted unreliable hearsay testimony (id. at 97-112); (5) the court failed to properly instruct the jury regarding accomplice testimony (id. at 113-24); (6) the prosecutor committed numerous acts of misconduct, separate from that alleged in Ground Two of the first amended petition, that were individually and cumulatively prejudicial (id. at 125-42); (7) the trial court erred in denying petitioner's motion for a mistrial and refusing to exclude objectionable testimony and trial counsel was alternatively ineffective for failing to prevent the admission of prejudicial statements (id. at 143-47); (8) the admission of statements made by petitioner's non-testifying co-defendant violated the Sixth Amendment (id. at 148-53); and (9) the cumulative effect of the errors require reversal (id. at 154).  Because the proposed claims clearly do not share a "common core of operative facts" with the claims in the first amended petition and are "supported by facts that differ in both time and type," they do not relate back to either of the two claims in the first amended petition and are time-barred.

    IV.    <u>Plain Language Summary of this Order for a Pro Se Litigant</u>

It is being recommended that your motion to amend be denied because your new claims were filed too late.

<u>CONCLUSION</u>

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to file an amended petition (ECF No. 43) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2022

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE