UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY DON WILLIAMS, | No. 2:17-cv-2627 TLN AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

By order filed June 14, 2024, this action was dismissed and the district judge declined to issue a certificate of appealability. ECF No. 51. Judgment was entered the same day. ECF No. 52. On July 10, 2024,[1] petitioner filed a motion for reconsideration of the denial of a certificate of appealability. ECF No. 53. The motion was later referred to the undersigned. ECF No. 54.

A motion for reconsideration or relief from a judgment is appropriately brought under either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991) (citing Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989)). The motion "is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) if it is filed [within the time provided by that Rule]. Otherwise, it is treated as a

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

Rule 60(b) motion for relief from a judgment or order." Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) (internal citations omitted). Since petitioner's motion for reconsideration was filed within twenty-eight days of the entry of judgment, the motion is considered under Rule 59(e).

"Under Rule 59(e), a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999) (citation omitted). Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and . . . why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4).

Although petitioner indicates his motion is based on new evidence (ECF No. 53 at 1, 10), the undersigned cannot identify any new evidence presented with the motion (id. at 12-38 (supporting evidence)). Petitioner also does not identify any intervening change in controlling law. Instead, he appears to argue the denial of a certificate of appealability constituted clear error because he has shown that the issues are debatable among reasonable jurists and his claims "facially alleged violations of constitutional rights," thereby entitling him to a certificate of appealability. ECF No. 53 at 9-10.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To meet this standard, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed further." Martinez v. Shinn, 33 F.4th 1254, 1261 (9th Cir. 2022) (quotation marks and citation omitted). Where a claim is dismissed on procedural grounds, the court must first decide "whether 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.' Second, the court must decide whether 'jurists of reason would find it debatable whether the district court was correct in its procedural

2

ruling.'" Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Where a claim is dismissed on procedural grounds, the court takes "a 'quick look' at the face of the complaint to determine whether the petitioner has 'facially allege[d] the denial of a constitutional right.'" Id. (quoting Jefferson v. Welborn, 222 F.3d 286, 289 (7th Cir. 2000)).

In this case, petitioner's juror misconduct claim was denied on the merits, while his prosecutorial misconduct claim was denied on the ground that this court lacks jurisdiction over it. ECF No. 49 at 7-18 (findings and recommendations); ECF No. 51 (adopting findings and recommendations in full).  The motion for reconsideration appears to focus largely on the prosecutorial misconduct claim.  ECF No. 53 at 3, 6-7, 9-10.  However, even if the court assumes petitioner has facially alleged the denial of a constitutional right, he has not shown that this court's determination that it lacked jurisdiction was debatable among reasonable jurists.[2]  As to the juror misconduct claim, petitioner makes only a conclusory assertion that he is entitled to a certificate of appealability on this claim has not shown that the issue is debatable among jurists of reason, that the court could resolve the issues differently, or that the questions are adequate to proceed.  Id. at 1, 9.  In denying the claim, the court found that petitioner had "not identified any way in which the rejection of his claim [was] objectively unreasonable in light of clearly established federal law" and that "the presumption of correctness [was] not rebutted as to the superior court's finding that there was no juror misconduct."  ECF No. 49 at 14-15 (findings and recommendations); ECF No. 51 (adopting findings and recommendations in full).

For these reasons, the undersigned finds that petitioner has failed to demonstrate that the denial of a certificate of appealability was in error and the motion for reconsideration should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion for reconsideration (ECF No. 53) be DENIED.

---

[2] The court determined that it lacked jurisdiction because petitioner was alleging misconduct related to a state habeas proceeding.  ECF No. 49 at 17-18 (findings and recommendations); ECF No. 51 (adopting findings and recommendations in full).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **ten days** after service of the objections.  **Due to exigencies in the court's calendar, no extensions of time will be granted.**[3]  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 6, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] Petitioner is informed that in order to obtain the district judge's independent review and preserve issues for appeal, he need only identify the findings and recommendations to which he objects.  There is no need to reproduce his arguments on the issues.

4